| | |
|---|---|
| EAST COAST HOT TUBS, INC.,<br><br>               Plaintiff<br><br>v.<br><br>THOMAS RITCHIE d/b/a EAST COAST<br>POOLS AND SPAS and NATALIE<br>RITCHIE,<br><br>               Defendants. | **CONSENT JUDGMENT** |

Plaintiff, EAST COAST HOT TUBS, INC. ("EAST COAST") and defendants, THOMAS RITCHIE d/b/a EAST COAST POOLS AND SPAS and NATALIE RITCHIE ("RITCHIE"), hereby stipulate, consent and agree to this Consent Judgment to resolve all disputes between them in this action. Based on such consent, the court makes the following findings of fact, conclusions of law and judgment.

### I. FINDINGS OF FACT

1. EAST COAST is a North Carolina corporation, doing business in Dare County, North Carolina.

2. Thomas Ritchie d/b/a East Coast Pools and Spas, prior to this action, was operating a pools and spas business in Dare County, North Carolina. The defendant, Natalie Ritchie, is his wife.

3. Both plaintiff and the defendants operate similar businesses in Dare County, North Carolina.

4. On February 18, 2014, EAST COAST filed a complaint against defendants alleging trademark infringement and requesting injunctive relief, compensatory damages and damages for unfair trade practices.

1

5. Defendants have denied the allegations set forth in the complaint, but in order to resolve this disputed claim hereby stipulate and agree to be bound by the terms of this Consent Judgment and in particular stipulate and agree that sufficient facts are set out in the Complaint to support entry of judgment for trademark infringement and unfair competition herein and that the Court is entitled to enter judgment thereon and that they are bound by this consent judgment.

6. The parties have agreed that compliance by Defendants with the following terms will avoid the infringements complained of by Plaintiff and Defendants have agreed to comply with these terms:

a. Defendants and their affiliated business entities, officers, managers, and agents will not in the future do any of the following:

    i. Use the phrase EAST COAST as all or any part of a business name, trade name, or trademark, or to otherwise describe their business;

    ii. Use the phrase EAST COAST to identify themselves, their location, or any other aspect of their business, whether in advertising or promotions or in any other manner or for any other reason of any nature or kind;

    iii. Pass themselves off as the same as, or as affiliated or associated in any way or at any time with, plaintiff or its owners.

b. Defendants and their affiliated business entities, officers, managers, and agents will, within sixty (60) days, do each of the following:

    i. Change the name of their business entity from East Banks Pools & Spas to Ritchie [or Ritchie's] Pools and Spas;

    ii. Notify all entities with which they place advertising or which otherwise carry advertising or marketing or other promotions for their business, to change all such materials and advertisements to reflect the new name;

2

iii.  Thereafter not use the word EAST as all or any part of a business name, trade name, or trademark or to otherwise describe their business, except that if they are located on a street whose postal address includes the word "east," they may truthfully use that address; and

iv.  As the sole exception to subparagraph (iii) above, the parties recognize that a very limited number of advertisements carried in third-party printed materials such as telephone books will continue to circulate until the end of the life for which they were printed and, provided that the listings were contracted prior to November 25, 2014, and could not be changed by the exercise of reasonably diligent commercial efforts prior to printing, the continued circulation of such products by their producer shall not constitute a violation hereof.

7.  EAST COAST and RITCHIE consent and agree that this Court shall retain jurisdiction to make any further orders that may be necessary to carry out this stipulated judgment.

8.  RITCHIE stipulate and agree they are bound by the injunction by this Court from the use of the words "East Coast" in connection with any business use and are further bound by the injunction of this Court to obey each requirement of Paragraph 6 above.

## II.  CONCLUSIONS OF LAW

9.  The Court has personal jurisdiction of the parties to this consent judgment and also has jurisdiction over the subject matter of this action.

10.  All matters of jurisdiction, service and notice are proper; the parties to this consent judgment are properly before the Court; sufficient facts are set out in the Complaint to support

3

entry of judgment for trademark infringement and unfair competition; and the Court is entitled to and does enter such judgment.

11.  Defendants RITCHIE consent to being permanently enjoined from the conduct set out in Paragraph 6 above.

12.  The parties stipulate and agree that there is no monetary judgment to be entered against the defendants on account of the trademark infringements alleged in the complaint and that no further or different remedy shall be provided for the unfair competition alleged in the complaint, provided, however, that such limitations shall not bar enforcement of, and remedies for any violation of, this consent judgment.  EAST COAST and defendants RITCHIE agree that each releases the other from all claims and causes of action except to the extent set out in the consented injunction, and except as to enforcement of the terms of the agreement and consent injunction.

13.  The parties to this consent judgment agree that each shall bear its own costs and attorney fees in this action.

IT IS NOW THEREFORE ORDERED, ADJUDGED AND DECREED that defendants RITCHIE should be and hereby are permanently enjoined from infringing directly or indirectly on the trademark "East Coast" owned by plaintiff as set forth herein in this consent judgment, and are enjoined to comply with the provisions set out in paragraph 6 hereof;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the preceding paragraphs dispose of all claims between the parties to this consent judgment, this Court retaining jurisdiction solely for the purpose of enforcing the injunction granted herein and any and all other claims and allegations between the parties are dismissed with prejudice; and that

4

each party of this consent judgment shall bear its own costs and attorney's fees incurred in connection with this action.

This 31st day of March, 2015.

Louise W. Flanagan
United States District Judge

We consent:

Ronald E. Wright
East Coast Hot Tubs, Inc.

Thomas Ritchie

Natalie Ritchie

Susan Freya Olive
Attorney for Plaintiff

C. Everett Thompson, II
Attorney for Defendants